UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER, on behalf of himself and all others similarly situated, | No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| FUND MATE, LLC, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

1.      Kevin Bachhuber ("Plaintiff"), through his attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Fund Mate, LLC ("Fund Mate" or "Defendant").

2.      This class action arises from Defendant's persistent disregard for federal law—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.      Defendant uses unlawful and invasive telemarketing tactics to drum up business. And Defendant flooded Plaintiff with invasive telemarketing solicitations in clear violation of the TCPA.

4.      Now, Plaintiff brings this class action on behalf of himself, and all others harassed by Defendant and its unlawful telemarketing tactics.

**PARTIES**

5.      Plaintiff, Kevin Bachhuber, is a natural person and a citizen of Wisconsin where he intends to remain.

6.      Defendant, Fund Mate, LLC is a limited liability company.

1

**JURISDICTION AND VENUE**

7.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

8.      This Court has personal jurisdiction over Defendant because it directed telemarketing calls to Wisconsin which establishes sufficient minimum contacts for claims arising from those telemarketing calls.  As explained herein, Plaintiff received telephone solicitations to his telephone with an area code "608" which is associated with Wisconsin.[1] Thus, Defendant knew, or should have known, that it was directing telephone solicitations into Wisconsin.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**BACKGROUND**

*The Telephone Consumer Protection Act*

10.      Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

11.      "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a

---

[1] *North American Area Codes*, AT&T (Oct. 2017)
https://www.att.com/ecms/dam/att/smb/help/pdf/Area-Codes-N-America-by-State.pdf.

straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

12.     As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

13.     The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(c)(5).

14.     For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id*.

15.     Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

16.     The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

17.     The Supreme Court is clear that text messages are "calls" under the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the TCPA].").

18.     The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

19.     The TCPA prohibits the use of artificial or prerecorded voices when calling residential telephone numbers. 47 U.S.C. § 227(b)(1)(B).

20.     The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§ 64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" *Id*.

21.     For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

***Plaintiff Kevin Bachhuber***

22.     Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

23.     Plaintiff's cellular telephone number is 608-345-XXXX (the "telephone number").

24.     To avoid unsolicited telemarketing calls, Plaintiff personally placed his telephone number on the National Do-Not-Call Registry on March 17, 2012. Since then, Plaintiff has not removed his telephone number from the National Do-Not-Call Registry.

25.     Plaintiff uses his telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

26.     Plaintiff has not used his telephone number for business purposes.

27.     Plaintiff has not associated his telephone number with any business.

28.     Plaintiff has been the sole owner (i.e., user) of his telephone number for approximately the past fourteen (14) years.

4

29.     During this time period, Plaintiff has been the sole remunerator (i.e., payer) for any bills arising from his telephone number.

30.     Plaintiff has never received a reimbursement from any business for his telephone number.

31.     Plaintiff has never taken a business-related tax-deduction for his telephone number.

32.     Similarly, between 2016 and 2024 during Plaintiff's association with the business Bachhuber Consulting LLC, Plaintiff used a separate telephone number, 608-512-0595, for business related calls.

33.     The website for Bachhuber Consulting, which is no longer in operation, displayed the number 608-512-0595, not plaintiff's residential number 608-345-XXXX. Below is a screenshot from the Internet Archive displaying the "Contact" section of the website for Bachhuber Consulting:



34.     Similarly, Plaintiff's business cards listed Plaintiff's number as 608-512-0595, not 608-345-XXXX.

35.    In fact, if Plaintiff received a business-related call on his number 608-345-XXXX, Plaintiff would redirect the caller to his business number.

36.    Furthermore, Plaintiff's voicemail during the operation of Bachhuber Consulting played a voicemail message to the effect of the following: "You have reached the personal cell of Kevin Bachhuber. For business-related calls, please contact me at 608-512-0595."

37.    Plaintiff is not a current or former customer of Defendant.

38.    Plaintiff has never had a business relationship with Defendant.

39.    Plaintiff never provided his telephone number to Defendant.

40.    Plaintiff has never consented to receive the alleged telephone solicitations from Defendant.

***Defendant violated the TCPA***

41.    As explained below, Defendant violated the TCPA numerous times.

42.    First, the Plaintiff received a text from phone number (305) 564-8390 on March 25, 2024 from someone who identified themself as from FMC.

\\

\\

\\

\\

\\

\\

\\

43.    The content of the text is below:



44.    The Plaintiff replied "Stop" to this message.

45.    Despite this, the Plaintiff received another text message from phone number (954) 636-6270 on August 9, 2024 from someone who identified themself as from FM Capital.

46.    The content of this text message is below:



47.    The Plaintiff never consented to or asked for these marketing messages.

## CLASS ACTION ALLEGATIONS

48.    Plaintiff brings this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3),

individually and on behalf of the following:

> **National Do-Not-Call Registry Class**: All persons in the United
> States (1) whose telephone numbers were on the National Do-Not-
> Call Registry for at least 31 days (2) but then received two or more
> telephone calls from, or on behalf of, Defendant (3) during a 12-
> month period and (4) within four years prior to the commencement
> of this litigation and up until the date of trial.

49.    Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries,

any entity in which Defendant has a controlling interest, any Defendant officer or director, any

successor or assign, and any Judge who adjudicates this case, including their staff and immediate

family.

50.    Plaintiff reserves the right to amend the class definition.

51.    Certification of Plaintiff's claims for class-wide treatment is appropriate because

Plaintiff can prove the elements of his claims on class-wide bases using the same evidence as

would be used to prove those elements in individual actions asserting the same claims.

52.    **Ascertainability**. All members of the proposed Class are readily ascertainable from

information in Defendant's custody and control. Specifically, all members of the proposed Class

can be ascertained through analysis of Defendant's phone records.

53.    **Numerosity**. The Class Members are so numerous that joinder of all Class

Members is impracticable. Upon information and belief, the proposed Class includes at least

several thousand members. After all, telemarketing campaigns necessarily involve communication

with large groups of people.

54.     **Typicality**. Plaintiff's claims are typical of those of Class Members because all such claims arise from Defendant's unlawful telemarking practices.

55.     **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. His interests do not conflict with Class Members' interests. And Plaintiff's counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

56.     **Commonality and Predominance**. Plaintiff's and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

        a.     whether Defendant violated the TCPA;

        b.     whether Defendant violated the TCPA willfully and knowingly;

        c.     whether Plaintiff is entitled to statutory damages;

        d.     whether Plaintiff is entitled to treble damages;

        e.     whether Defendant should be enjoined from further TCPA violations.

57.     **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendant would require. Thus, it would be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device

provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

58.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

59.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telemarketing solicitations, except for emergency purposes, to the Plaintiff and the National Do-Not-Call Class despite their numbers being on the National Do-Not-Call Registry.

60.     Defendant violated the TCPA willfully or knowingly.

61.     Plaintiff and National Do-Not-Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

62.     Plaintiff and National Do-Not-Call Class Members seek injunctive relief prohibiting Defendant from making further unlawful telephonic solicitations to Plaintiff and National Do-Not-Call Class Members.

**PRAYER FOR RELIEF**

Plaintiff and Class Members respectfully request judgment against Defendant and that the Court enter an order:

A.     Certifying this case as a class action on behalf of Plaintiff and the Class, appointing Plaintiff as class representative, and appointing his counsel to represent the Class;

B.     Awarding statutory damages to Plaintiff and Class Members;

C.      Providing the injunctive relief requested herein; and

D.      Granting such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all claims so triable.

\* \* \* \* \*

RESPECTFULLY SUBMITTED AND DATED this 17th day of February, 2026.

/s/ Samuel J. Strauss
Samuel J. Strauss
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*